THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. XAVIER D. WILLIAMS, Defendant-Appellant.

Third District    No. 3—84—0550

Opinion filed August 30, 1985.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of Ottawa, for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant Xavier Williams appeals from his conviction for felony murder arising out of the shooting of a Joliet cab driver and from his sentence to 35 years in prison. This is a companion case to that of *People v. Walker* (1985), 136 Ill. App. 3d 177, in which we affirmed the conviction and life sentence of Williams' codefendant, James

Walker. The facts surrounding the crime are fully set forth in the *Walker* opinion and need not be repeated here.

■■ Williams contends that he was deprived of a fair trial when the defendants' motion for severance was denied and he was compelled to be jointly tried with Walker. Williams argues that Walker was more culpable than Williams since Walker intended to kill the cab driver from the beginning and since he actually pulled the trigger. Williams cites a decision by this court, *People v. McVay* (1981), 98 Ill. App. 3d 708, 424 N.E.2d 922, in which we held that the trial court erred in failing to grant a motion for severance where the confession of an accomplice made outside the presence of a defendant would not be admissible against the latter. *McVay* did not involve interlocking confessions where the confessions of both accused persons agreed and supported the other as to the material elements of the crime. The case before us does involve such interlocking confessions and is, therefore, controlled by those decisions holding that a defendant is not prejudiced by being tried jointly with a codefendant where both have admitted participation in the crime and where their defenses are not shown to be antagonistic. *Parker v. Randolph* (1979), 442 U.S. 62, 60 L. Ed. 2d 713, 99 S. Ct. 2132; *People v. Bassett* (1974), 56 Ill. 2d 285, 307 N.E.2d 359; *People v. Sanford* (1983), 116 Ill. App. 3d 834, 452 N.E.2d 710.

Williams was tried on an accountability theory, and his confession plainly demonstrates his knowing participation in the plan to rob the cab driver. He admitted that Walker had said he intended to shoot the driver to avoid identification. Williams does not demonstrate any specific antagonism between his defense and that of Walker. The points of disagreement between the statements of the two men were minor, and both men admitted their guilt of the offense for which they were convicted. Williams freely joined in the robbery venture and cannot escape the consequences of that decision. We hold that Williams was not prejudiced by the joint trial.

■ ■ Williams asserts the same arguments as did Walker as to the issues of the court's failure to give Illinois Pattern Jury Instruction (IPI), Criminal, No. 3.08 (2d ed. 1981), and the exclusion of the three black jurors by peremptory challenges. For the same reasons as given in the *Walker* opinion, we find no error occurred.

■ ■ The final issue raised by Williams concerns his sentence to 35 years' imprisonment. He argues that the trial court abused its discretion in imposing such a lengthy term considering his "relative passivity" in the criminal activity, his youthfulness, and his past history. We note that Williams' codefendant was given a life sentence, thereby

indicating that the trial court took into account the difference in degree of participation of the two men. Defendant's youthfulness (he was 16 at the time of the crime) and his potential for rehabilitation are not entitled to more weight than the seriousness of the offense. As we indicated in *People v. Darnell* (1981), 94 Ill. App. 3d 830, 419 N.E.2d 384, rehabilitative potential, along with the seriousness of the offense, the need to protect society, deterrence, and punishment, as well as the history and character of the defendant, must all be weighed equally in the sentencing determination. Considering the brutal senselessness of the killing in this case, and considering Williams' advance knowledge that Walker intended to use the sawed-off shotgun he was carrying, we cannot say that the trial court abused its discretion in imposing a 35-year term of imprisonment upon defendant Williams.

We affirm the judgment of conviction and sentence.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.