THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. XAVIER D. WILLIAMS, Defendant-Appellant.

Third District   No. 3—84—0550

Opinion filed June 18, 1987.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Joan Flickinger, Assistant Attorney General, of Chicago, and Gary F. Gnidovec, of State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Defendant Xavier D. Williams was convicted in 1984 for the felony murder of a cab driver in Joliet, Illinois, and was sentenced to serve a term of 35 years in the Illinois Department of Corrections. On appeal this court affirmed his conviction in *People v. Williams* (1985), 136 Ill. App. 3d 126, 483 N.E.2d 306, and the Illinois Supreme Court denied leave to appeal. Williams then filed a petition for writ of *certiorari* in the United States Supreme Court, whereupon the Supreme Court granted *certiorari*, vacated the conviction, and remanded the cause to this court for further consideration in light of *Griffith v. Kentucky* (1987), 479 U.S. ___, 93 L. Ed. 2d 649, 107 S. Ct. 708.

The issue presented by this case is whether the prosecutor's use of peremptory challenges to exclude three black persons from the jury constituted purposeful discrimination in violation of defendant's constitutional right to equal protection of the law under the sixth and fourteenth amendments of the United States Constitution. In the trial court, defendant objected to the exclusion of the black panel members. Counsel for defendant stated:

"Quite simply, Judge, when we have a total of fifty jurors to choose from, when we have two black defendants and a white victim, out of the fifty jurors there are in fact only four blacks and three of them are excluded automatically by the State.

I think that, in and of itself, shows a systematic exclusion."

The trial judge then stated that most of the criminal cases tried in his court have had black jurors on the jury and that he had seen no evidence of any systematic exclusion of jurors.

When defendant Williams and his codefendant James Walker raised the issue of systematic exclusion of blacks from the jury in

their direct appeals to this court, we followed the rule of *People v. Payne* (1983), 99 Ill. 2d 135, 457 N.E.2d 1202, and *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, "that a constitutional issue arises only where there has been a systematic exclusion on the basis of race by peremptory challenges *in case after case.*" *People v. Walker* (1985), 136 Ill. App. 3d 177, 181, 483 N.E.2d 301; *People v. Williams* (1985), 136 Ill. App. 3d 126, 483 N.E.2d 306.

The United States Supreme Court has now repudiated the rule which required a pattern of systematic exclusion "in case after case" before a defendant could claim a violation of the constitutional right to a jury drawn from a cross-section of the community. *Swain v. Alabama* was explicitly overruled in *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, where the Supreme Court held that a defendant in a State criminal trial could establish a *prima facie* case of purposeful racial discrimination based on the prosecution's use of peremptory challenges to strike members of the defendant's race from the jury venire. The court also held that once the defendant had made a *prima facie* showing of purposeful discrimination, the burden shifts to the State to come forward with a neutral explanation for those challenges. This new rule for the conduct of criminal prosecutions is to be applied retroactively to all State and Federal cases pending on direct review or not yet final at the time of the decision in *Batson v. Kentucky. Griffith v. Kentucky* (1987), 479 U.S. ___, 93 L. Ed. 2d 649, 107 S. Ct. 708.

In *Batson v. Kentucky*, the Supreme Court outlined the procedure to be used as follows:

"[A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group, Castaneda v. Partida, supra, [430 U.S.,] at 494, 51 L. Ed. 2d 498, 97 S. Ct. 1272 [,1280], and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' Avery v. Georgia, supra, [345 U.S.] at 562, 97 L. Ed. 2d 1244, 73 S. Ct. 891 [, 892]. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to ex-

clude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination." *Batson v. Kentucky* (1986), 476 U.S. 79, 96, 90 L. Ed. 2d 69, 87-88, 106 S. Ct. 1712, 1722-23.

■ On remand to this court, the State argues that defendant Williams has not established a *prima facie* case of purposeful discrimination since the report of the *voir dire* proceedings discloses possible reasons for the prosecution's peremptory challenges to two of the black jurors. The State insists that the unexplained exclusion of one black member of the jury venire does not establish a pattern of discrimination in this case. Defendant, on the other hand, contends that he has made a *prima facie* showing of purposeful discrimination. However, we conclude that the procedure mandated by the Supreme Court requires the trial court to make the initial determination as to whether the facts establish a *prima facie* showing of purposeful racial discrimination. In *Batson v. Kentucky*, the Supreme Court noted that, because the trial court had rejected Batson's objection to the prosecutor's removal of all black persons on the venire without requiring the prosecutor to give an explanation for his action, the case would be remanded to the trial court for further proceedings. The same is true in the case at bar.

We note that the Supreme Court has vacated the judgment in this cause. In the event the trial court finds no violation of defendant's constitutional rights, it will be necessary to reinstate the judgment.

For the reasons given, we remand this cause to the circuit court of Will County with directions for further proceedings consistent with this opinion.

Remanded.

STOUDER and HEIPLE, JJ., concur.