THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES BEVIEL, Defendant-Appellant.

First District (3rd Division)   No. 1—89—1800

Opinion filed June 30, 1992.

Rita A. Fry, Public Defender, of Chicago (R.H.R. Silvertrust, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee G. Goldfarb and Guy L. Miller IV, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Defendant James Beviel was convicted of aggravated battery and armed violence and sentenced to eight years in prison. On appeal, defendant argues that he was denied a proper *Batson* hearing where he made a *prima facie* showing of racial discrimination in the State's use of peremptory challenges during jury selection.

Defendant is a 40-year-old African-American convicted for striking an acquaintance with a brick, which resulted in the loss of an eye. During *voir dire,* the prosecution exercised three of its seven peremptory challenges against African-American men and three against white men. Four African-Americans, one man and three women, were eventually impaneled on the jury, along with an African-American alternate. Subsequently, defendant requested a *Batson* hearing and the trial court heard argument from both parties.

At the hearing, defense counsel argued that three of the State's six peremptory challenges were used to exclude African-American men, and only one African-American man was left on the jury. The State countered that it had only used six of its seven challenges; that three challenges were for white men and three were for African-American men; that there were four African-Americans on the jury; and that one of the two alternates was African-American. The trial court analyzed the composition of the jury and determined that defendant had not established a *prima facie* showing of purposeful racial discrimination. We affirm that finding.

■ Under *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, the State may not use peremptory challenges in jury selection for purposeful racial discrimination. Defendant must first demonstrate a *prima facie* case before the burden shifts to the State to supply race-neutral reasons for excluding the venirepersons.

*Batson*, 476 U.S. at 97, 90 L. Ed. 2d at 88, 106 S. Ct. at 1723; *People v. Coleman* (1991), 223 Ill. App. 3d 975, 996, 586 N.E.2d 270.

To make a *prima facie* showing of a *Batson* claim, it must be demonstrated that members of a racial group were removed from the venire by peremptory challenges and that the removal, in addition to other relevant circumstances, raises an inference of purposeful discrimination by the State in the selection of defendant's jury. *People v. Andrews* (1992), 146 Ill. 2d 413, 424, 588 N.E.2d 1126.

While a defendant is no longer required to show that he is a member of a cognizable racial group whose members have been excluded in order to have standing to pursue a *Batson* claim (*Powers v. Ohio* (1991), 499 U.S. 400, 113 L. Ed. 2d 411, 111 S. Ct. 1364; *People v. Edwards* (1991), 144 Ill. 2d 108, 579 N.E.2d 336), the racial identity between the defendant and the excluded venireperson remains a relevant factor in determining if a *prima facie* case of discrimination has been established. *Andrews*, 146 Ill. 2d at 425.

In addition to shared race, a number of other factors relevant in determining whether a *prima facie* case of discriminatory jury selection has been established include: (1) a pattern of strikes against African-American veniremembers; (2) a disproportionate use of strikes against such members; (3) whether the excluded African-Americans were a heterogeneous group sharing race as their only common characteristic; (4) the level of African-American representation in the venire as compared to the jury; (5) prosecutorial questions and statements during *voir dire* and while exercising challenges; and (6) the races of defendant and victim or of defendant and witnesses. *People v. Jackson* (1991), 145 Ill. 2d 43, 99, 582 N.E.2d 125; *People v. Garrett* (1990), 139 Ill. 2d 189, 203, 564 N.E.2d 784.

None of the above-cited relevant circumstances are present in this case. Defendant's brief suggests that defendant is a young African-American male and that the State has "excluded every young black male." The record is contrary to this observation. None of the three excluded black males could be described as "young": all had work records extending back more than 20 years, and all were seemingly in their early or mid-40s. In any event, no suggestion is made that age is a suspect classification under *Batson* and this court is not prepared to enter those murky waters.

A trial court's determination that a defendant has failed to establish a *prima facie* case of purposeful discrimination is a finding of fact and will not be overturned on review unless it is found to be against the manifest weight of the evidence. *Garrett*, 139 Ill. 2d at 200-01; *Coleman*, 223 Ill. App. 3d at 996.

■ In this case, when defense counsel argued his *Batson* motion, he simply stated that of the six challenges that the State used, three of them were for African-American males and three were for white males. As a general rule, the mere number of African-American veniremembers peremptorily challenged, without more, will not establish a *prima facie* showing of discrimination. *Garrett*, 139 Ill. 2d at 203; *People v. Mahaffey* (1989), 128 Ill. 2d 388, 413-14, 539 N.E.2d 1172.

While defense counsel has shown that three African-American members of the venire were removed by peremptory challenges, it failed to establish what has been called the "critical" element of a *prima facie* case: whether the fact of removal "and any other relevant circumstances" raise an inference of purposeful discrimination. *Garrett*, 139 Ill. 2d at 203.

In *Garrett*, the supreme court found that defense counsel failed to establish other relevant circumstances leading to the inference of purposeful discrimination required for a *prima facie* showing. Elaborating, the court explained the basis for its finding: (1) the mere fact that some African-American veniremembers are challenged and others accepted by the State, without more, cannot be said to constitute even a pattern of such challenges; (2) defense offered no evidence that the State challenged African-American veniremembers disproportionately as compared to white members, or that the level of African-American representation in the venire exceeded that in the jury; (3) no prosecutorial statements or questions during *voir dire* were cited which would imply purposeful racial discrimination, and the supreme court found none from the record; (4) defendant, victim and witnesses were African-American; and (5) the trial judge relied partly on his own observation as to the number of African-American jurors, the number of African-American veniremembers challenged by the defense and by the prosecution, and the characteristics of those members challenged by the State. *Garrett*, 139 Ill. 2d at 204-05.

Here, we likewise find that defendant failed to offer any relevant evidence other than the fact that three African-Americans were challenged and only one African-American male remained on the jury. This information, without more, fails to establish a *prima facie* case of racial discrimination. Also, defense counsel challenged an equal number of white and African-American venire members (three) and, as in *Garrett*, the defendant, the victim, and the witnesses are all African-American. See *People v. Green* (1992), 228 Ill. App. 3d 849 (which held that to determine whether a *prima facie* showing exists, the trial court should consider the race of both the defendant and the

victim, and should take into account the number of African-Americans seated as jurors).

Further, defense counsel cites no prosecutorial statements or questions during *voir dire* that imply purposeful racial discrimination. The trial judge, present at *voir dire* and privy to the record, had a right to rely, at least in part, on his own observations as to the composition of the jury. See *People v. Ramirez* (1992), 230 Ill. App. 3d 231.

Finally, we agree with defendant that the *Batson* sword has two edges—one that ensures that defendant will be tried by a jury impaneled without discrimination against people of the same race and the other that no citizen will be denied his right to be a part of the justice system because of race.

Accordingly, striking a black juror could constitute a *prima facie* case even where African-Americans ultimately sit on the panel. *United States v. Clemons* (3d Cir. 1988), 843 F.2d 741, 747; *Andrews*, 146 Ill. 2d at 433.

However, defendant has relied upon cases which are inapposite: *People v. Williams* (1987), 156 Ill. App. 3d 560, 509 N.E.2d 782 (all three of the State's challenges were used against African-Americans); and *People v. Seals* (1987), 153 Ill. App. 3d 417, 505 N.E.2d 1107 (challenges against six African-Americans, three whites, and one Hispanic (one African-American remained on the jury) established a disproportionate use of the peremptory challenge). We also distinguish two recent cases, *People v. Gaston* (1992), 227 Ill. App. 3d 486 (four of five challenges used against African-Americans constituted a pattern and disproportionate use of challenges, and those excluded shared race as their only common characteristic); and *Ramirez* (230 Ill. App. 3d 231) (four of four challenges used against African-Americans constituted a pattern and disproportionate use, and Hispanic defendant had standing to pursue a *Batson* claim regarding the exclusion of African-American veniremembers).

Because we affirm the trial court's determination that defendant failed to establish a *prima facie* case of purposeful racial discrimination when given full opportunity to do so, we need not consider any explanations for the State's challenges. *Garrett*, 139 Ill. 2d at 205.

The trial court's determination is not against the manifest weight of the evidence and its finding is affirmed.

Affirmed.

RIZZI and CERDA, JJ., concur.