(No. 48151.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ELSON BOOSE, Appellee.

*Opinion filed April 5, 1977.*

William J. Scott, Attorney General, of Springfield, and Frank X. Yackley, State's Attorney, of Ottawa (James B. Zagel, Jayne A. Carr, and George C. Sorensen, Assistant

Attorneys General, of Chicago, and James E. Hinterlong and Michael B. Weinstein, of the Illinois State's Attorneys Association Appellate Assistance Service, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Mary Robinson, Assistant Defender, Office of State Appellate Defender, of Ottawa, for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

After having been found competent to stand trial by a jury in the circuit court of La Salle County, the defendant, Elson Boose, pleaded guilty to a charge of murder and was sentenced to a term of imprisonment of not less than 20 nor more than 40 years. The appellate court reversed, holding that the "trial judge abused his discretion by ordering that the defendant appear shackled before the jury at the hearing on his competency." (33 Ill. App. 3d 250, 255.) We granted the State's petition for leave to appeal under Rule 315 (58 Ill. 2d R. 315).

The defendant was accused of murdering a guard while an inmate at the Illinois Industrial School for Boys. He was 15 years old at the time of the offense. The juvenile court, after a hearing, waived its jurisdiction and transferred the case to the criminal division of the circuit court. (Ill. Rev. Stat. 1973, ch. 37, par. 702–7.) Subsequent to the defendant's indictment, the trial court ordered, on the defendant's attorney's motion, a hearing to determine whether the defendant was competent to stand trial.

The defendant was brought to court wearing handcuffs, which were threaded through shackles attached to a restraining belt wrapped around his waist. His shoelaces had been removed. The defendant's attorney moved that the defendant be unshackled, that the handcuffs and belt be removed whenever the jury was present, and that his

shoelaces be returned. He argued that otherwise the jury would be "irrevocably prejudiced" against his client. As guards from the school would be present throughout the hearing, he said, there was no necessity of shackling the defendant.

. The assistant State's Attorney's only response was that he would leave the resolution of the question to the trial judge. The court denied the motion, saying:

> "No, I believe due to the nature of the charge against the defendant, true enough it is just a charge, and that is understood, the jury knows that he is charged with a criminal offense, due to the nature of the charges against the defendant, I believe it would be better to have the shackles remain."

After the jury had found the defendant competent to stand trial, his counsel filed a motion for a new trial. In it he cited the shackling of the defendant and argued that it had not been required because of the presence of armed and specially trained guards from the school. He said also that the shackling had not been justified in light of the fact that the defendant had appeared in court unshackled at least 10 times prior to the competency hearing and had conducted himself properly. He complained, too, that the jury had seen the defendant's shackles while he was in court. The trial judge denied the motion.

The State's contention here is that the trial court did not abuse its discretion.

It has been held that the shackling of the accused should be avoided if possible because: (1) it tends to prejudice the jury against the accused; (2) it restricts his ability to assist his counsel during trial; and (3) it offends the dignity of the judicial process. (*Kennedy v. Cardwell* (6th Cir. 1973), 487 F.2d 101, 105-06; *State v. Tolley* (1976), 290 N.C. 349, 367, 226 S.E.2d 353, 367.) Most of the courts that have considered the question have held that an accused should never be placed in restraints in the presence of the jury "unless there is a showing of a

manifest need for such restraints." (*People v. Duran* (1976), 16 Cal. 3d 282, 290-91, 545 P.2d 1322, 1327, 127 Cal. Rptr. 618, 623; see *Illinois v. Allen* (1970), 397 U.S. 337, 25 L. Ed. 2d 353, 90 S. Ct. 1057; *United States v. Theriault* (5th Cir. 1976), 531 F.2d 281; *Kennedy; Tolley*.) The ABA Standards relating to jury trials provide:

> "Defendants *** should not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order." ABA Standards, Trial by Jury sec. 4.1(c) (1968).

A defendant may be shackled when there is reason to believe that he may try to escape or that he may pose a threat to the safety of people in the courtroom or if it is necessary to maintain order during the trial. (*Kennedy v. Cardwell* (6th Cir. 1973), 487 F.2d 101, 105; *Woodards v. Cardwell* (6th Cir. 1970), 430 F.2d 978, 982; *Commonwealth v. Brown* (1973), 364 Mass. 471, 475, 305 N.E.2d 830, 834.) The determination is left to the discretion of the trial judge, and he may select the physical restraints most suitable in light of all the circumstances. (*People v. Polk* (1973), 55 Ill. 2d 327, 334.) The trial judge should state for the record his reasons for allowing the defendant to remain shackled, and he should give the defendant's attorney an opportunity to present reasons why the defendant should not be shackled. These proceedings should take place outside the presence of the jury. *People v. Duran* (1976), 16 Cal. 3d 282, 291, 545 P.2d 1322, 1328, 127 Cal. Rptr. 618, 624; *State v. Tolley* (1976), 290 N.C. 349, 368, 226 S.E.2d 353, 368; *United States v. Theriault* (5th Cir. 1976), 531 F.2d 281, 285; ABA Standards, Trial by Jury sec. 4.1(c) (1968).

Factors to be considered by the trial judge in making this determination may include:

> "[T]he seriousness of the present charge against the defendant; defendant's temperament and character; his age and physical attributes; his past record; past escapes or attempted escapes,

and evidence of a present plan to escape; threats to harm others or cause a disturbance; self-destructive tendencies; the risk of mob violence or of attempted revenge by others; the possibility of rescue by other offenders still at large; the size and mood of the audience; the nature and physical security of the courtroom; and the adequacy and availability of alternative remedies." *(State v. Tolley* (1976), 290 N.C. 349, 368, 226 S.E.2d 353, 368; see also *Kennedy v. Cardwell* (6th Cir. 1973), 487 F.2d 101, 110; *Commonwealth v. Brown* (1973), 364 Mass. 471, 479 n.18, 305 N.E.2d 830, 836 n.18.)

A reviewing court examines whether the trial court abused its discretion in requiring the defendant to appear shackled before the jury. It is obvious that the record should clearly disclose the reason underlying the trial court's decision for the shackling and show that the accused's attorney was given an opportunity to oppose this decision. *State v. Tolley* (1976), 290 N.C. 349, 368, 226 S.E.2d 353, 368; see *Commonwealth v. Brown* (1973), 364 Mass. 471, 479, 305 N.E.2d 830, 836; *United States v. Theriault* (5th Cir. 1976), 531 F.2d 281, 285; *United States v. Samuel* (4th Cir. 1970), 431 F.2d 610, 615; *State v. Roberts* (1965), 86 N.J. Super. 159, 167-68, 206 A.2d 200, 204.

On the record here, we must consider that the trial court abused its discretion. The only reason given by the court to sustain its ruling was the nature of the crime alleged to have been committed by the defendant. While this is one of the factors to be considered by the trial court, we cannot say that on this record, especially, it alone is enough to sustain this court's ruling. If the shackling here were judged defensible it would seem all persons accused of violent crimes could be shackled in the jury's presence solely because of the character of the crimes charged. As the Supreme Court of California observed in *Duran*:

"The fact that defendant was a state prison inmate who had been convicted of robbery and was charged with a violent crime did not, without more, justify the use of physical restraints. As our discussion heretofore indicates, the trial judge must make the decision to use physical restraints on a case-by-case basis. The court cannot adopt a general policy of imposing such restraints upon prison inmates charged with new offenses unless there is a showing of necessity on the record. The court's summary denial of the motion to release defendant from his shackles was not based upon such a showing of record and implies a general policy of shackling all inmate defendants accused of violent crimes." 16 Cal. 3d 282, 293, 545 P.2d 1322, 1329, 127 Cal. Rptr. 618, 625.

There is nothing to suggest that the defendant had escaped in the past or that he intended to attempt an escape. There is nothing to suggest violent behavior before or during the trial.

There is no merit to the State's argument that the standards on the question of shackling an accused during a trial to determine guilt or innocence should not be applied to a competency hearing. The importance and sensitivity of such a hearing was commented on in *People v. Bender* (1960), 20 Ill. 2d 45, 47-48. This court said:

"It is fundamental that a person charged with crime may not be tried while he is insane and that if an insane person is placed on trial it is a violation of due process of law. [Citations.] *** The sanity hearing which is thus prescribed is no empty formality, but is designed to preserve the consistutional right of a defendant not to be placed on trial while he is insane. It is, therefore, of great importance that such a hearing should be free from prejudicial error and that the hearing proceed in accordance with proper rules of

evidence and that the jury be properly instructed as to the law."

In *People v. Finn* (1959), 17 Ill. 2d 614, the defendant argued that he was denied a fair and impartial competency hearing due to the introduction of prejudicial evidence. It was said there:

"However strong the evidence against an accused may be, and in this case the defendant was caught in the house he was burglarizing with some of the stolen property in his pockets, a fair trial, in all its stages, is a fundamental requirement in a criminal prosecution and when such requirement is not met, it amounts to a denial of due process of law." 17 Ill. 2d 614, 617.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*