THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GORDON L. WHITE, Defendant-Appellant.

Fourth District    No. 15556

Opinion filed December 12, 1979.

Richard J. Wilson and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield, and Nancy Porter, law student, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

Escape—jury trial—defense of *necessity*—guilty—2 years' probation. We affirm.

On July 6, 1978, defendant was serving a sentence for a felony theft and failed to return to the Urbana Community Correctional Center in Urbana from an authorized job interview that day. The defendant testified that he called a friend after filling out an application at the University of Illinois Employment Office and the friend told him that his wife had been raped and his daughter beaten. He said that he could not verify this information as his wife had no phone. After receiving this information, defendant hitchhiked to Decatur, Illinois. Two days later, he voluntarily turned himself over to the authorities.

The supervisor of the correctional center further testified that there was a procedure in effect where in the event of a family emergency the resident could inform the authorities and request leave, and a decision to grant or deny could generally be completed within 2 hours time. Emergency leave rules are routinely explained to new residents during orientation and the defendant stated that these were explained to him within 3 days of his arrival. Residents are informed that if there is a problem with this request, they are to contact their counselor. The supervisor of the correctional center stated that no requests had been received from the defendant.

The trial judge allowed an offer of proof by the defendant on the reasons for his escape, *i.e.*, that his wife had been raped and his daughter beaten. The offer was heard in order to determine the appropriateness of a necessity defense. The court then granted the prosecution's motion *in limine* and prohibited defendant from presenting to the jury evidence as to the reason for his escape and his subsequent voluntary surrender. The judge reasoned that defendant's wife had already been raped, the child already beaten, and they were already in the hospital. The court acknowledged the concern of the defendant but stated that that did not amount to necessity.

The sole issue presented in this appeal is whether the trial court should have allowed the defendant the opportunity to testify before the jury as to his reasons for escaping in support of the defense of necessity.

We hold that the trial court did not err in denying defendant such opportunity.

Necessity is an affirmative defense. Section 7—13 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 7—13) states:

> "Conduct which would otherwise be an offense is justifiable by reason of necessity if the accused was without blame in occasioning or developing the situation and reasonably believed such conduct was necessary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct."

Defendant was clearly without blame in occasioning the situation, but he could not reasonably believe that such conduct was necessary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct.

Necessity requires that there be an alternative to an evil course and that alternative be evil as well. Where there is yet another alternative— besides the two evil choices—and such alternative, if carried out, will cause less harm, then a person is not justified in breaking the law. (LaFave & Scott, Handbook on Criminal Law 387-88 (1972).) Defendant had a legal option available to him. The testimony from the supervisor at the correctional center related the procedure for emergency leave and that no such request was made by the defendant. It is clear that defendant had more than a choice between two evil courses.

■■ The quantum of proof necessary to raise an affirmative defense is evidence sufficient to raise a reasonable doubt as to defendant's guilt or innocence. Section 3—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—2) states that unless the State's evidence raises the issue involving the alternative defense, the defendant must present "some evidence" thereon. In *People v. Redmond* (1974), 59 Ill. 2d 328, 320 N.E.2d 321, a liberal reading of the "some evidence" requirement of section 3—2 of the Criminal Code was rejected. The supreme court in *Redmond* decided that for the defendant to raise the affirmative defense of insanity, the defendant must present evidence to raise a reasonable doubt as to the accused's sanity.

In *People v. Unger* (1975), 33 Ill. App. 3d 770, 775, 338 N.E.2d 442, *aff'd* (1977), 66 Ill. 2d 333, 362 N.E.2d 319, the appellate court held that a " 'gun to the head immediacy' " was not essential to establish necessity. In *Unger*, the defendant testified that he had been homosexually raped and that he was actually threatened with death. The appellate court in *Unger* cited *People v. Lovercamp* (1974), 43 Cal. App. 3d 823, 118 Cal. Rptr. 110, where two female inmates were approached by lesbian groups and told to submit to homosexual attacks or be beaten. They feared for

their lives and escaped. The California court in *Lovercamp* concluded that the trial court erred in not allowing the defendants to testify before the jury as to the reasons for their escape. These cases are to be factually distinguished with the case before us. Both *Lovercamp* and *Unger* refer to specific threats of death, forcible sexual attack, or serious bodily harm in the immediate future. Although the appellate court in *Unger* noted that a " 'gun to the head immediacy' " was not demanded, specific threats of death, forcible sexual attack, or serious bodily harm in the immediate future was required. *Unger*, 33 Ill. App. 3d 770, 775.

In affirming *Unger*, our supreme court stated that a defendant would not be confined to the strictures of a *Lovercamp* situation, although such preconditions would go to the weight and credibility of a defendant's testimony. Rather, the supreme court adopted the reasoning that necessity exists where a defendant must choose between the lesser of two evils, noting that in *Unger* the two evils defendant had to choose between were "actual and threatened homosexual assaults and fears of reprisal." (*Unger*, 66 Ill. 2d 333, 340.) The implicit reasoning of the court was that although something less than an actual or threatened homosexual assault might be appropriate for a necessity defense, nevertheless the evils to be faced would have to be grave and serious—certainly more than merely a subjective concern for one's family.

In the case at bench, the defendant neither had to choose between the lesser of two evils nor was he threatened with forcible sexual assault, or death, or serious bodily harm in the immediate future. We cannot equate defendant's subjective concern for his family with threats of death or forcible sexual assaults. It could not logically be stated that the evidence presented by the defendant raised a reasonable doubt as to his guilt of the offense charged. The trial judge ruled correctly in barring evidence of the reasons for the defendant's escape. The prerequisites for a necessity defense were not met.

Accordingly, we affirm.

GREEN and CRAVEN, JJ., concur.