No. 3-07-0255

Filed January 5, 2009

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01-CF-902 |
| ANTHONY JOHNSON, | ) ) | Honorable Gerald Kinney, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the opinion of the court:

Following a jury trial, defendant Anthony Johnson was convicted of attempt robbery and aggravated battery (720 ILCS 5/8-4(a), 1801(a), 12-4(b)(8) (West 2000)). The trial court sentenced him to eight years in prison. He appealed, and we reversed and remanded for a retrospective hearing to determine whether it was necessary to require defendant to wear an electronic security belt as a restraining device at trial. People v. Johnson, 356 Ill. App. 3d 208 (2005). On remand, the trial court concluded that the security belt was necessary. Defendant appeals that decision, arguing that it was an abuse of discretion. We agree and reverse and remand for a new trial.

Defendant attempted to rob a female employee at a Subway restaurant by threatening to shoot her if she refused to give him

money from the store's cash register. He was arrested and charged with attempt robbery and aggravated battery.

Prior to defendant's testimony at trial, defense counsel asked that defendant's electronic security belt be removed. The trial court denied the request, stating that defendant needed to remain in the belt because he had prior convictions of "aggressive types of crimes."

On direct appeal, defendant argued that the judge violated his right to due process by requiring him to wear the stun belt during trial where there was no showing of a manifest need to restrain him. We agreed and remanded the cause to allow the trial court to conduct a retrospective hearing to determine whether the use of the security device was necessary using the 13 factors enumerated in People v. Boose, 66 Ill. 2d 261 (1977). Johnson, 356 Ill. App. 3d at 212.

At the hearing on remand, the State argued that restraining defendant was justified based on defendant's prior criminal history, which included convictions for robbery, theft, aggravated robbery, and burglary. The State also argued that the belt was necessary to restrain defendant based on the seriousness of the charges in this case and defendant's physical stature. The prosecutor described defendant as "fit" at the time of trial. He estimated that defendant weighed 195 pounds and stood 5' 7" tall.

In response, defense counsel claimed that the decision to use the electronic security belt had been unilaterally made by the Will County Sheriff's office. Counsel further argued that the belt was

2

unjustified because defendant had not been violent or disruptive during the proceedings, none of his past offenses indicated that he was an escape risk, and he was not involved with a co-defendant at large who might have tried to rescue him. Both parties agreed that there were no spectators in the courtroom during the trial.

The trial judge found that defendant's Class 3 felony charges were "very serious charges" and that his criminal history was "significant." The judge also recalled that the complaining witness was a "very young, very tiny Asian girl" who was "petrified" of defendant during her testimony. The trial court then concluded that the electronic security belt did not create prejudice to the jury and was properly used to restrain defendant at trial.

ANALYSIS

On appeal, defendant maintains that the trial court abused its discretion in finding that it was necessary to restrain defendant using an electronic security belt. Defendant argues that, in this case, there was no showing of a "manifest need" for the restraint at trial.

Shackling of the accused should be avoided if possible because (1) it tends to prejudice the jury against the accused, (2) it restricts his ability to assist his counsel during trial, and (3) it offends the dignity of the judicial process. People v. Boose, 66 Ill. 2d 261 (1977). An accused should never be placed in restraints in the presence of a jury "unless there is a showing of a manifest need for such restraints." People v. Martinez, 347 Ill.

App. 3d 1001 (2004).

A defendant may be shackled when there is a reason to believe that he may try to escape or that he may pose a threat to the safety of people in the courtroom or if it is necessary to maintain order during the trial. Boose, 66 Ill. 2d at 266. The decision to shackle a defendant is left to the discretion of the trial court, and the court may select the physical restraints most suitable in light of all the circumstances. People v. Allen, 222 Ill. 2d 340 (2006). An electronic safety belt is no less a restraint than shackles or handcuffs. Allen, 222 Ill. 2d at 346-47. Thus, the use of electronic safety belts in the courts of this state is warranted "only where there has been a showing of manifest need for the restraint." Allen, 222 Ill. 2d at 347.

The trial judge must state for the record his reasons for allowing the defendant to remain shackled and must give the defendant's attorney an opportunity to present reasons why the defendant should not be shackled. People v. Buss, 187 Ill. 2d 144 (1999). The possibility of prejudicing a jury is not the only reason why courts should not allow shackling of an accused absent the strong necessity for doing so. Even where there is no jury, an unnecessary restraint is impermissible because it hinders the defendant's ability to assist his counsel, runs afoul of the presumption of innocence, and demeans both the accused and the judicial proceeding. In re Staley, 67 Ill. 2d 33 (1977).

Factors the trial court should consider in making a "manifest need" determination include (1) the seriousness of the present

4

charge against the defendant, (2) the defendant's temperament and character, (3) the defendant's age and physical characteristics, (4) the defendant's past record, (5) any past escapes or attempted escapes by the defendant, (6) evidence of a present plan of escape by the defendant, (7) any threats by the defendant to harm others or create a disturbance, (8) evidence of self-destructive tendencies on the part of the defendant, (9) the risk of mob violence or of attempted revenge by others, (10) the possibility of rescue attempts by any co-offenders still at large, (11) the size and mood of the audience at trial, (12) the nature and physical security of the courtroom, and (13) the adequacy and availability of alternative remedies. Boose, 66 Ill. 2d at 266-67.

Here, defendant was charged with aggravated battery and attempt robbery. While any felony is a serious crime, there was nothing in the nature of the charges against this defendant that indicated that his temperament or character made him more likely to attempt escape or disrupt the proceedings. Defendant's criminal history included multiple offenses for theft and robbery but no offenses that would indicate he posed any more of an escape risk than any felony defendant with similar criminal histories. The PSI states that defendant was 35 years old, stood 5'5" tall, and weighed approximately 180 pounds at trial. Without more, these physical characteristics do not appear oppressive or alarming, even assuming defendant was physically fit. Moreover, nothing in the record indicates that defendant planned an escape or was disruptive during the proceedings. In addition, defendant did not commit the

5

crime with the aid of a co-defendant who might now come to his rescue. There are no co-defendants at large. Further, the record does not reveal any self-destructive or violent tendencies on the part of the defendant. The parties agreed that there were no spectators in the gallery. Thus, the size and mood of the audience is not a factor to consider. Last, alternatives were available. Defense counsel stated that prior to the use of the electronic belts, the courtroom employed deputies to secure the courtroom. Nothing suggests those deputies could no longer perform that duty. Given these facts, we cannot say that the trial court's conclusion was proper.

The manifest need standard set forth in Boose is designed to allow the use of restraints only in exceptional cases. Boose, 66 Ill. 2d at 265. There must be some connection between the factors enumerated by the trial court and the belief that the accused may try to escape or that he poses a threat to the safety of the courtroom. See Boose, 66 Ill. 2d at 266, citing Kennedy v. Cardwell, 487 F. 2d 101 (6th Cir. 1970). Without that connection, Boose essentially becomes meaningless.

In this case, the State argues that factors such as the violent nature of the charged offenses and defendant's prior convictions support the trial court's ruling. Those factors, however, were the same factors the trial court relied on when it initially determined that the electronic security belt was necessary. In defendant's first appeal, this court held that the consideration of those factors alone did not justify the use of

6

restraints.  See <u>Johnson</u>, 356 Ill. App. 3d at 211, citing <u>Boose</u>, 66 Ill. 2d at 268.  Nothing has changed.  No further evidence was presented to the trial court.  We continue to find no meaningful connection between the arguments offered and the manifest need to restrain defendant at trial.

Thus, we find the trial court's ruling to be an abuse of discretion.  Forcing defendant to wear an electronic security belt without demonstrating a manifest need for the restraint violated defendant's right to a fair trial.  Therefore, defendant must be granted a new trial.

CONCLUSION

The judgment of the circuit court of Will County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

MCDADE, J., concurring.

JUSTICE HOLDRIDGE, dissenting:

I would remand for another hearing because I am still not convinced that the trial judge applied the <u>Boose</u> analysis. Although the <u>Boose</u> factors were argued by counsel on remand, the judge said he had "always taken the position" that <u>Boose</u> did not apply to electronic security belts and that the appellate court had "ignore[d] the obvious difference between visible shackles and a concealed security device."  The judge expressed this view several times, suggesting that appellate judges would agree if they had any experience in the real world of criminal trials.  The following remarks are illustrative:

7

"The judges, who have no history in the court system, who have addressed this under People versus Martinez, want to look at this as an issue of well, it really in their opinion offends the dignity of the judicial process, which they have never been involved in. I find it very interesting that they have never tried -- picked a jury, tried a case, tried an Aggravated Battery, seen a victim shake on the witness stand, cry on the witness stand, and yet they are going to tell the trial court what and what doesn't offend the dignity of the trial process.

So all that aside, I don't think -- I did everything I could not to prejudice the jury. I have not heard anything that would lead me to believe that the defendant's abilities to assist his counsel during trial was in any way impaired or restricted by the presence of the device, and I take offense at any reference that the use of the device offends the dignity of the judicial process for the reasons I stated previously."

It appears that instead of following our instructions, the judge used the remand hearing as a forum to express his disagreement with the instructions. Although he mentioned two factors relevant to Boose (seriousness of the charge and criminal history), he had already done that when the case was before us on direct appeal.

I have been a trial judge. I have picked a jury. I have seen crime victims testify. This experience actually accounts for my

8

belief that <u>Boose</u> violations should be remedied through retrospective hearings instead of outright reversal. In <u>People v. Martinez</u>, 347 Ill. App. 3d 1001 (2004), the evidence revealed that the Will County sheriff had a policy of requiring all felony defendants to wear an electronic security belt in the courtroom. The trial judge deferred to this policy, stating that "he did not want to disrupt the sheriff's standard operating procedure." <u>Martinez</u>, 347 Ill. App. 3d at 1003. Such deferral was improper because a trial judge must control his or her own courtroom procedures. See <u>People v. Allen</u>, 222 Ill. 2d 340 (2006). The purpose of a retrospective <u>Boose</u> hearing is to afford judges an opportunity to fix this impropriety without undoing an entire trial.

The instant judge obviously disagrees with our application of <u>Boose</u> to electronic security belts. Nevertheless, as our Supreme Court has held, <u>Boose</u> does apply. See <u>Allen</u>, 222 Ill. 2d 340. Since I do not believe the judge has yet followed the applicable standard, I would remand once again for compliance.