# Illinois Official Reports

## Appellate Court

---

### *People v. Hawkins*, 2020 IL App (3d) 160682

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY K. HAWKINS, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-16-0682 |
| Filed | January 14, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 08-CF-2169; the Hon. Carmen Julia Goodman, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Jessica D. Ware, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Justice O'Brien concurred in the judgment and opinion.<br>Justice Schmidt dissented, with opinion. |

**OPINION**

¶ 1      A jury convicted defendant, Anthony K. Hawkins, of first degree murder and aggravated unlawful use of a weapon (AUUW). After this court affirmed defendant's convictions and sentences on appeal, he filed a *pro se* postconviction petition. Following a hearing at which defendant was shackled over his objections, the circuit court dismissed defendant's petition at the second stage of postconviction proceedings. On appeal, defendant argues that the court erred in ordering that he be shackled without stating the reasons supporting the shackling on the record. He also argues that postconviction counsel failed to comply with the requirements of Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) in that he did not make amendments to defendant's petition necessary for an adequate presentation of defendant's claims. We vacate the circuit court's order dismissing defendant's petition at the second stage of postconviction proceedings and remand for new second-stage proceedings, beginning with the appointment of postconviction counsel.

¶ 2                         I. BACKGROUND

¶ 3      The State charged defendant with first degree murder (720 ILCS 5/9-1(a)(2) (West 2008)) and AUUW (*id.* § 24-1.6(a)(1), (a)(3)(A)). Before trial, defendant filed a motion to suppress certain statements made to the police, asserting that he had invoked his right to counsel multiple times during his interrogation. Following a hearing at which a video recording of defendant's interrogation was introduced, the court granted in part and denied in part defendant's motion to suppress. Specifically, the court found that defendant's earliest references to a lawyer were vague and not sufficient to invoke his right to counsel. However, the court found that comments made later in the interrogation *were* sufficient and ordered that all statements made after that invocation of defendant's rights be suppressed.

¶ 4      The matter proceeded to trial, at which a jury found defendant guilty on both counts. The court subsequently sentenced defendant to terms of 45 years' and 2 years' imprisonment for first degree murder and AUUW, respectively. On appeal, this court affirmed those convictions and sentences. *People v. Hawkins*, 2013 IL App (3d) 110267-U.

¶ 5      On October 11, 2013, defendant filed a *pro se* postconviction petition. Defendant raised numerous issues in his petition, including that appellate counsel had been ineffective for failing to argue on direct appeal that the circuit court had erred by denying in part his motion to suppress. He also asserted that his conviction for AUUW was unconstitutional.

¶ 6      The court appointed postconviction counsel,[1] advancing defendant's petition to the second stage of postconviction proceedings. Postconviction counsel subsequently filed a petition for relief from judgment, alleging that defendant's AUUW conviction should be vacated under *People v. Aguilar*, 2013 IL 112116. The court granted that petition for relief from judgment and vacated defendant's conviction.

¶ 7      Months later, postconviction counsel filed a motion to withdraw. In the motion, counsel stated that he had reviewed the record together with defendant's *pro se* postconviction petition dated October 11, 2013. Counsel indicated that he had met with defendant in person to

---

[1]Defendant was represented at trial by the Will County Public Defender's Office. A different attorney from the same office represented defendant during postconviction proceedings.

ascertain defendant's contentions of error. Postconviction counsel concluded that following the ruling on the petition for relief from judgment, there were no additional nonfrivolous arguments to be made on defendant's behalf. With respect to defendant's view that appellate counsel was ineffective, postconviction counsel asserted that "the trial court's decision is in accordance with applicable case law." On May 31, 2016, the circuit court found that counsel had complied with the requirements of Rule 651(c) and granted his motion to withdraw.

¶ 8 The State subsequently filed a motion to dismiss the postconviction petition. Defendant, now proceeding *pro se* at the second stage, filed a response. At the hearing on the State's motion to dismiss, held on October 28, 2016, defendant repeatedly requested that he be unshackled so that he could maneuver through his notes and other paperwork. At one point, after repeated requests, the court responded: "I'm not removing them, [defendant]. Do the best you can do." Defendant's other requests for the removal of his shackles were not acknowledged and did not draw any response from the court or the prosecutor. The record does not include the factors considered by the court when denying defendant's requests and did not provide any rationale for keeping defendant shackled. At the conclusion of the hearing on the motion to dismiss, the court granted the State's motion to dismiss.

¶ 9                                                    II. ANALYSIS

¶ 10 Defendant raises two arguments on appeal. First, he argues that the court's decision to keep him shackled during the second-stage hearing, absent any articulated justification by the court on the record, requires a new second-stage hearing. Defendant also argues he is entitled to a new second-stage hearing due to postconviction counsel's failure to file a Rule 651(c) certificate before withdrawing from the case.

¶ 11 It is well accepted that in-court shackling has the potential to restrict a shackled person's ability to assist defense counsel and unjustified shackling offends "the dignity of the judicial process." *People v. Boose*, 66 Ill. 2d 261, 265 (1977). A trial judge's failure to articulate any basis for the shackling of a person during court proceedings also constitutes a violation of due process. *People v. Allen*, 222 Ill. 2d 340, 349 (2006). Significantly, in *People v. Rippatoe*, this court held that it is demeaning for a trial court to shackle a person without first considering the necessity of such restraints. *People v. Rippatoe*, 408 Ill. App. 3d 1061, 1068 (2011) ("Where a defendant is forced to appear *pro se*, take an oath, testify, question witnesses, and present his arguments to the court all while shackled, without any consideration by the trial judge of the necessity for the shackles, the integrity of the judicial process is greatly demeaned."). In *Rippatoe*, our court held that the requirements of *Boose* applied in those posttrial proceedings where the defendant, like the defendant here, was proceeding *pro se*. *Id.*

¶ 12 We recognize, as the State points out, that our colleagues in the Fourth District have held that *Boose*'s presumption against shackling would not require new postconviction proceedings in that appeal. *People v. Kelley*, 2013 IL App (4th) 110874, ¶¶ 26, 30. However, in that case the *Kelley* court first determined the shackles had not impeded the defendant's ability to assist defense counsel in the presentation of the postconviction issues. *Id.* ¶¶ 27-28. Nonetheless, the State concedes that the shackling documented in this record was inappropriate even under the stricter *Kelley* standard.

¶ 13 The only dispute between the parties focuses our attention on the proper remedy for the agreed *Boose* violation. On one hand, the State, without argument, urges this court to "remand this matter for a retrospective hearing pursuant to [*Boose*] to determine if shackling defendant

during that hearing was proper." See *People v. Johnson*, 356 Ill. App. 3d 208, 211-12 (2005).[2] On the other hand, defendant contends that this court should reject the State's suggested remedy and instead vacate the trial court's dismissal of his postconviction petition and remand for a new second-stage hearing. See *People v. Williams*, 2016 IL App (3d) 130901.

¶ 14    In *Williams*, we held that a retroactive *Boose* hearing was not the proper remedy for that particular *Boose* violation, under very similar facts and circumstances. The opinion in *Williams* recognized a line of demarcation should be drawn between scenarios where the trial court attempted to comply with *Boose* but fell short of making a sufficient record and other situations with a silent record regarding the necessity for shackles. This court stated:

> "Unlike *Johnson*, where the trial court considered some of the *Boose* factors and denied the defendant's request to remove an electronic security belt, there is no indication in this case that the defendant was in shackles because of any decision by the trial court in accordance with *Boose.* See *Johnson*, 356 Ill. App. 3d at 211. In fact, the trial court suggests that the defendant was in shackles due to a blanket policy of the court. \*\*\* Since there was no evidence of any threats or disturbances in the record, the trial court made the statement that suggests a blanket policy, and there was no hearing for which we can remand for a more complete record, we reverse and remand for a new trial." *Id.* ¶ 33.

¶ 15    Here, like *Williams*, the record does not reveal an insufficient *Boose* hearing. Instead, we are reviewing a silent record. Accordingly, due to the trial court's silence on its precise rationale for shackling, the order dismissing defendant's postconviction petition at the second stage is vacated, and we remand for new second-stage proceedings.

¶ 16    We next turn the second issue raised by defendant on appeal. This issue pertains to the requirements of Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). The parties agree that no valid Rule 651(c) certificate was filed by postconviction counsel before the circuit court allowed counsel to withdraw from second-stage proceedings. The remedy for postconviction counsel's failure to comply with the requirements of Rule 651(c) mirrors the remedy on the first issue discussed above. Namely, the remedy for noncompliance with Rule 651(c) also calls for a remand for new postconviction proceedings including postconviction counsel's demonstrated compliance with Rule 651(c). *People v. Suarez*, 224 Ill. 2d 37, 47, 52 (2007).

¶ 17    We are mindful that compliance with Rule 651(c) requires postconviction counsel, *inter alia*, to examine the entire record in order to adequately present a defendant's postconviction claims. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). However, we would be remiss for failing to acknowledge the entry of an order allowing defendant to supplement the record on appeal without objection by the State. As a result, the supplemented record that will be returning to the trial court, following the issuance of our mandate, now contains the unredacted interrogation video.

¶ 18    It is unclear whether postconviction counsel had the opportunity to review this unredacted video that is now part of the record before representing to the trial court that there were no unresolved and nonfrivolous arguments remaining at the second stage. Surely, the unredacted video is relevant to defendant's postconviction claim of ineffective assistance of appellate

---

[2]Notably, the majority decision generated a dissent asserting that the retrospective procedure found no precedent in supreme court case law. See *Johnson*, 356 Ill. App. 3d at 217-18 (Lytton, J., concurring in part and dissenting in part).

- 4 -

counsel based on a *Miranda* violation (*Miranda v. Arizona*, 384 U.S. 436 (1966)). Therefore, upon remand, we direct the trial court to begin the second-stage postconviction proceedings anew with the reappointment of postconviction counsel. This will allow postconviction counsel to review the entire record following remand in compliance with Rule 651(c).

¶ 19   Our remand to the trial court for second-stage proceedings as described should not be read as a comment on the merit of defendant's remaining postconviction claim. The approach selected by this court is intended only to ensure defendant has received the full protections of Rule 651(c).

¶ 20                                III. CONCLUSION

¶ 21   For the foregoing reasons, we vacate the judgment of the circuit court of Will County and remand with directions.

¶ 22   Vacated and remanded with directions.

¶ 23   JUSTICE SCHMIDT, dissenting:

¶ 24   The majority vacates the circuit court's second-stage dismissal of defendant's postconviction petition due to the court's violation of *Boose*. I too would accept the State's concession that the court erred in failing to conduct a *Boose* hearing. Nevertheless, vacatur of the dismissal is unnecessary where the remedy of a retrospective *Boose* hearing will fully, and more efficiently, protect defendant's due process rights. I would leave the circuit court's ruling undisturbed pending the results of a retrospective *Boose* hearing. For that reason, I respectfully dissent.

¶ 25   Under the procedure of a retrospective *Boose* hearing, the result of the underlying proceeding—be it a trial or a second-stage hearing—remains in effect while the circuit court considers the question of whether defendant should have been shackled at the earlier proceeding. Only if the circuit court concluded that the shackling was *not* manifestly necessary would it then vacate its previous order and conduct new proceedings, with defendant unshackled. See *Johnson*, 356 Ill. App. 3d at 211-12.

¶ 26   A retrospective hearing is the more logical and more efficient remedy. Consider the scenario in which the appellate court remands for wholly new proceedings. Those proceedings will begin, of course, with a *Boose* hearing. If, after that hearing, the court concludes that shackling is, in fact, manifestly necessary, what follows is a proceeding that is fully identical to the original. Such a hearing would be unnecessary, redundant, and a complete waste of judicial resources.

¶ 27   Seemingly recognizing these facts, this court has regularly remanded similar cases for retrospective *Boose* hearings without disturbing the underlying ruling. *Id.* at 212; *Rippatoe*, 408 Ill. App. 3d at 1070. Yet, in *Williams*, 2016 IL App (3d) 130901, ¶ 33, one panel of this court created a new test, wherein a retrospective *Boose* hearing is only considered appropriate where the circuit court originally considered "some of the *Boose* factors." The *Williams* court decided that where none of the *Boose* factors are considered and the circuit court is presumably applying a "blanket policy," we should vacate the underlying order and remand for wholly new proceedings. *Id.*

- 5 -

¶ 28    Since *Williams* was published in 2016, no court, in this district or elsewhere, has applied the new rule that it created. This is likely because *Williams* was wrongly decided. In rejecting the retrospective procedure, the *Williams* court concluded: "Since there was no evidence of any threats or disturbances in the record, the trial court made the statement that suggests a blanket policy, and there was no hearing for which we can remand for a more complete record, we reverse and remand for a new trial." *Id.* Similarly, the majority here concludes that a retrospective hearing is inappropriate "due to the trial court's silence on its precise rationale for shackling." *Supra* ¶ 15.

¶ 29    Initially, it is unclear what the phrase "no hearing for which we can remand for a more complete record" in *Williams* means. *Williams*, 2016 IL App (3d) 130901, ¶ 33. In any event, it is the very silence of the record that mandates a retrospective hearing, so the circuit court can either put its reasons for the shackling on the record, or determine that shackling was not manifestly necessary. If the record was *not* silent, that would mean that the court already did express its shackling rationale on the record, and we could review the merits of that decision. In other words, if the record was not silent, that means the circuit court *did* conduct a *Boose* hearing.

¶ 30    Contrary to the conclusion of the *Williams* court, there are not varying degrees of *Boose* hearings. A court that keeps a defendant shackled either sets forth its reasoning on the record, or it does not. Where a circuit court puts its reasons on the record and the appellate court disagrees with that finding of manifest need, the remedy is a wholly new proceeding. See *People v. Johnson*, 387 Ill. App. 3d 768 (2009). But where, as here, there simply was no *Boose* hearing, the proper remedy is to remand so that such a hearing may be conducted for the first time. *Johnson*, 356 Ill. App. 3d at 212; *Rippatoe*, 408 Ill. App. 3d at 1070.

¶ 31    It is well settled that the decision of one panel of this court is not binding on another panel of this court. *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008). Clearly the *Williams* panel was well aware of this tenet, as it chose to ignore another panel's earlier directive that a retrospective *Boose* hearing was the appropriate remedy "*in all cases* where the trial court fails to employ a proper *Boose* analysis." (Emphasis added.) *Johnson*, 356 Ill. App. 3d at 212. As we are under no obligation to follow *Williams*, I would reject that case outright, adhere to the reasoning expressed in *Johnson* and *Rippatoe*, and remand for a retrospective *Boose* hearing.

¶ 32    Because the majority vacates the circuit court's second-stage dismissal on *Boose* grounds, it correctly finds that it need not address defendant's Rule 651(c) argument. As I would not vacate that judgment because of the *Boose* error, I write further to discuss defendant's remaining argument.

¶ 33    Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) requires that a record contain a showing that postconviction counsel (1) consulted with the petitioner to ascertain his contentions of error, (2) examined the record of the proceedings at trial, and (3) "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Counsel "may" make this showing by way of a Rule 651(c) certificate, but such a certificate is not required by the rule. See *id.* Our supreme court has made clear that Rule 651(c) "sharply limits the requisite duties of postconviction counsel" and thus provides the standard for claims of unreasonable assistance of postconviction counsel. *People v. Custer*, 2019 IL 123339, ¶ 32.

¶ 34    Defendant's sole remaining postconviction claim is that his initial references to a lawyer were sufficient to invoke his right to counsel and that the circuit court thus erred in contravention of *Miranda* by not suppressing statements made after those references. As the majority points out, the record on appeal was supplemented with a copy of the unredacted video recording of defendant's interrogation. Those initial references to counsel appear on the unredacted video.

¶ 35    In directing that counsel be reappointed on remand, the majority points out that it is unclear if postconviction counsel was able to view the unredacted video; the implication being that if the video was not in the appellate record, it was very likely not in the trial record. In fact, appellate counsel all but confirmed as much when she averred that the video had been located by the Will County State's Attorney's Office, rather than by the circuit court or its clerk.

¶ 36    It is indeed very possible that postconviction counsel did not view the unredacted video. However, this cannot serve as a ground for a finding of unreasonable assistance or failure to comply with Rule 651(c). The rule requires counsel to consult with petitioner, "examine[ ] the record of the proceedings at the trial," and if possible, amend the petition to make an adequate presentation of nonfrivolous claims. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *People v. Greer*, 212 Ill. 2d 192, 205 (2004) ("If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule."). Nothing within Rule 651(c) obligates postconviction counsel to search outside the record for extrinsic evidence that might support defendant's case. Postconviction counsel in this case was not burdened with the task of contacting the Will County State's Attorney's Office to inquire whether it might have any helpful evidence. Counsel was only required to examine the record with which he was presented.

¶ 37    Defendant argues that postconviction counsel nevertheless failed to meet the third requirement of Rule 651(c), contending that his underlying *Miranda* claim (and the concomitant claim of ineffective assistance of appellate counsel) was, in fact, nonfrivolous. In support, defendant embarks on an extensive *Miranda* analysis, applying it to his own ostensible requests for counsel.

¶ 38    In the original absence of the unredacted interrogation video, defendant bases his argument entirely upon an unofficial transcript found in the record. The circuit court repeatedly made clear, however, that the transcript was not to be considered evidence. It was created by a member of the Will County Sheriff's Department, was not certified, and was only ever intended to be used as an aid for the court and parties. Moreover, it should be noted that the copy of the transcript appearing on the record is heavily annotated, replete with underlines, strikeouts, highlights, and other notes. Under these circumstances, we find that it would be inappropriate for this court to determine whether certain statements by defendant rose to the level of invoking his right to counsel. Defendant is unable to establish the nonfrivolousness of his *Miranda* claim without the unredacted interrogation video, and this insufficiency in the record must be construed against him. *People v. Hunt*, 234 Ill. 2d 49, 58 (2009).

¶ 39    Of course, the unredacted video now *is* a part of the record on appeal. However, that supplementation was not made in a timely fashion, and this court therefore should not take it into consideration.

¶ 40    In defendant's initial brief, appellate counsel wrote in a footnote: "The full interrogation video used during the motion to suppress hearing, containing [defendant's] invocation of counsel, is not contained in the appeal record. Once appellate counsel has obtained the video,

a certified copy will be filed the court." No mention was made of the video in counsel's reply brief. Six months later, having not received any information or updates from counsel, this court filed its initial Rule 23 order on May 8, 2019.

¶ 41    After nearly nine months of complete silence regarding the missing video, appellate counsel was able to locate the video on May 15, 2019, a mere seven days after our dispositional order. In her motion for an extension of time to file a petition for rehearing, counsel wrote that on that date "the State's Attorney's Office informed the Office of the State Appellate Defender that it ha[d] located the video believed to be at issue in this case and ha[d] sent the video to be certified." That single sentence is the extent of the explanation provided for how the missing video was "found."

¶ 42    To recap, appellate counsel explicitly acknowledged the importance of the unredacted interrogation video and pledged in her initial brief to obtain and file it with this court. In the nine months that followed, counsel never filed the video and, in fact, never made any filings in this court describing any efforts to obtain the video. Rather, counsel chose to let the matter proceed to a disposition. Only *after* this court decided that defendant could not prevail without the video did counsel move to supplement the record with that video. After nine months of silence, counsel was able to obtain the video in seven days.

¶ 43    In the simplest of terms, that is not how the appellate court works. Our Rule 23 order was a final disposition of defendant's case, not a helpful reminder that counsel should try again to find the video. Defendant is not entitled to a second bite at the apple because counsel completed after the fact a task that should have been completed much sooner. A petition for rehearing provides an opportunity for a party to raise points that "have been overlooked or misapprehended by the court." Ill. S. Ct. R. 367(b) (eff. Nov. 1, 2017). It does not provide an opportunity for a party to introduce new evidence in the case. Accordingly, I would not consider the untimely video; rather, I would find that the record remains inadequate and continue to construe that inadequacy against defendant.