2020 IL App (2d) 190641-U
No. 2-19-0641
Order filed September 30, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-208 |
| GILBERTO DIAZ, | ) ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hudson and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial *in absentia* was proper; in determining whether defendant's absence from trial was willful, the trial court could rely on the parties' informal agreement that defendant was previously admonished and on the court's own recollection of prior proceedings; the State was not required to make a formal presentation of what occurred previously in the case; the Court could rely on representation of counsel and its own observations in determining defendant's English was sufficient to understand new trial date.

¶ 2    Following a jury trial *in absentia*, defendant, Gilberto Diaz, was found guilty of armed robbery (720 ILCS 5/18-2(a)(2) (West 2014)). The court sentenced him *in absentia* to 35 years' imprisonment. Defendant moved to vacate the conviction and sentence, contending that the State

failed to establish that his absence from trial was willful. The trial court denied the motion and defendant appeals, contending that the State presented no evidence whatsoever that defendant was willfully absent from trial, and that the court could not simply rely on its recollection of the proceedings. We disagree and affirm.

¶ 3                                I. BACKGROUND

¶ 4      At defendant's first court appearance, on September 21, 2015, he answered "No" to the court's question whether he spoke English. A Spanish interpreter was provided and the court admonished defendant that, if he failed to appear for trial, one could take place in his absence.

¶ 5      In October and December of 2015, defendant was admonished again, with the aid of an interpreter, about the possibility of a trial *in absentia*. On May 13, 2016, defendant was admonished without the aid of an interpreter.

¶ 6      On September 29, 2016, the court set a January 9, 2017, hearing date. Defendant signed a hearing notice, printed in English, stating that, if he failed to appear for trial, "[y]our failure will be taken as a waiver of your right to appear and present evidence and the trial, hearing and/or sentencing hearing may take place in your absence."

¶ 7      Defendant appeared in court on January 9, 2017. Defense counsel said, "Judge, Mr. Diaz usually needs the interpreter but he's fine for purposes of getting new court dates." The court and the parties agreed on a January 23, 2017, trial date. The court then questioned defendant as follows:

    "THE COURT: ***

    Sir, do you understand that if you do not show up on the 23rd, that trial will go on

    in your absence? Do you understand that?

    THE DEFENDANT: Yes.

THE COURT: Do you understand that you'd be waiving your rights to confront and cross-examine all the State's witnesses?

THE DEFENDANT: Yeah.

THE COURT: And if found guilty, you could be sentenced in your absence. Do you understand that?

THE DEFENDANT: Yes."

¶ 8    The court asked whether an interpreter was needed for the trial, stating, "He speaks pretty good English; on the other hand, if you want—if you like one, we have one here." Defense counsel requested an interpreter "[j]ust to be safe."

¶ 9    The case was called for trial on January 23, 2017, but defendant did not appear. Defense counsel said that he had not heard from defendant since the previous court date. The court asked the prosecutor, "Are you guys planning on going to TIA?" The prosecutor responded, "Yes, Judge. I do believe he was admonished on the last court date." Defense counsel agreed that defendant was present on the previous date and that the admonishments were given. The court said, "The State has shown a *prima facie* so we'll go with trial *in absentia*."

¶ 10    The court conducted a jury trial and defendant was found guilty. On February 14, 2017, the trial court sentenced defendant to 35 years' imprisonment and issued a warrant for his arrest.

¶ 11    Defendant was arrested on the warrant and, on April 26, 2019, represented by new counsel, he filed a motion for a new trial. Defendant argued that, to proceed to a trial *in absentia*, the State has the burden to make a *prima facie* case that a defendant's absence was willful, but that the State had produced no evidence whatsoever before proceeding to trial in defendant's absence. The trial court denied the motion and defendant filed a notice of appeal.

¶ 12                                    II. ANALYSIS

¶ 13    Defendant contends that the State did not meet its statutory burden to prove his willful absence before proceeding to a trial *in absentia*. He argues that the State presented no evidence and did not formally request that the trial court take judicial notice of the prior proceedings. Defendant further contends that no Spanish interpreter was present when the trial date was set, although he had previously said that he did not speak English and an interpreter was present at previous proceedings.

¶ 14    Section 115-4.1(a) of the Code of Criminal Procedure of 1963 provides, "When a defendant after arrest and an initial court appearance for a non-capital felony or a misdemeanor, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant." 725 ILCS 5/115-4.1(a) (West 2016). To establish a *prima facie* case of willful absence, the State must show that the defendant (1) was advised of the trial date; (2) was advised that his or her failure to appear could result in a trial *in absentia*; and (3) did not appear for trial when the case was called. *People v. Smith,* 188 Ill. 2d 335, 343 (1999); *People v. Link*, 291 Ill. App. 3d 1064, 1066 (1997).

¶ 15    Defendant concedes that he was not present when the case was called for trial, but contends that the State failed to produce any evidence on the first two elements. According to defendant, the trial court's informal recollection of the proceedings was insufficient, at least in the absence of a formal request by the prosecutor to judicially notice those proceedings. We disagree.

¶ 16    Here, when the court asked if the State wished to proceed with a trial in defendant's absence, the prosecutor replied that he believed that defendant had been properly admonished. Defense counsel agreed. Thus, there was simply no issue for the trial court to decide at that point.

Both the prosecutor and defense counsel implicitly invited the judge to rely on his recollection of the proceedings, and he did so.

¶ 17    Defendant cites no authority for his contention that the prosecution had to formally request that the trial court take judicial notice of the proceedings. Indeed, the cases defendant cites followed procedures similar to that here.

¶ 18    A court may take judicial notice of matters generally known to the court and not subject to reasonable dispute. Michael H. Graham, Graham's Handbook of Illinois Evidence § 201.1, at 76 (10th ed.2011). This includes matters of record in its own proceedings. *In re A.B*., 308 Ill. App. 3d 227, 237 (1999); *In re. J.G.,* 298 Ill. App. 3d 617, 627 (1998).

¶ 19    In *Smith*, the supreme court affirmed the following procedure in the trial court:

> "On the morning of March 17, the scheduled trial date, defendant was not present in court when her case was called at 9 a.m. Defense counsel orally moved for a continuance, advising the court that during the March 14 pretrial hearing, defendant stated that she had planned to attend to something connected with her tubal ligation. The State objected. The trial court denied the motion, and commented that issues dealing with defendant's upcoming medical procedure had been 'dealt with' during the March 14 pretrial hearing. The trial court then inquired of the State if it wished to proceed *in absentia.* The State's Attorney replied 'yes,' and defense counsel objected. The trial court then stated: '[Defendant] was advised of her right to be here, that if not, she could be tried *in absentia,* and therefore we will proceed, if the State wishes.' " *Smith* 188 Ill. 2d at 339.

¶ 20    Similarly, in *Link*, the trial court proceeded to sentencing in the defendant's absence. The court denied defense counsel's motion for a continuance, noting that the defendant had previously been notified of the hearing, both in open court and through defense counsel. *Link,* 291 Ill. App.

3d at 1065. In both *Smith* and *Link*, the trial judge relied on his recollection of the proceedings and the reviewing courts affirmed the convictions. Neither case suggested that a formal presentation of evidence by the prosecution is necessary to establish a *prima facie* case.

¶ 21    Here, defendant presented no new evidence to suggest that the trial court's recollection was inaccurate. Thus, ordering a remand so that the prosecutor could formally request that the judge take judicial notice of the proceedings would serve no useful purpose. See *Aurora Loan Services, LLC v. Pajor*, 2012 IL App (2d) 110899, ¶ 27 (the law will not require a futile act).

¶ 22    Defendant contends that he was not provided with a Spanish interpreter at the final pretrial hearing at which the trial date was set, although he had had one for previous court appearances. Defendant suggests that, as a result, he may not have understood that the trial date was being set and that he was required to appear.

¶ 23    At that hearing, defense counsel expressly waived a Spanish interpreter, stating, "[defendant is] fine for purposes of getting new court dates." A defendant speaks and acts through his attorney. *People v. Steiger*, 208 Ill. App. 3d 979, 981 (1991). Under the doctrine of invited error, a defendant may not request to proceed in one manner and later contend on appeal that the course of action was in error. *People v. Harding*, 2012 IL App (2d) 101011, ¶ 17. "To allow a defendant to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend notions of fair play and encourage defendants to become duplicitous." *Id.* It would also deprive the State of the opportunity to cure the alleged defect. *People v. Bush,* 214 Ill. 2d 318, 332 (2005). Thus, defendant was bound by his attorney's waiver of an interpreter. Moreover, the trial court, presumably based upon its observations of defendant during the pendency of the case, observed on the setting date that, "He speaks pretty good English[.]" The court specifically questioned defendant about the trial date and his need to be present, and

defendant answered the questions in English. Although defendant gave one-word answers, he never indicated that he did not understand the questions.

¶ 24     At the hearing on his motion for a new trial, defendant presented no evidence that he did not understand the court's admonishments, that he was confused about the trial date, or that he had another valid reason for missing the trial. We hold that the trial court properly relied on its recollection that defendant had been properly admonished and concluded that his absence from trial was willful.

¶ 25                              III. CONCLUSION

¶ 26     For the reasons stated, we affirm the judgment of the circuit court of Boone County.

¶ 27     Affirmed.