2021 IL App (1st) 190137

FIRST DISTRICT
FOURTH DIVISION
March 25, 2021

No. 1-19-0137

|   |   |   |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| JAMES GIBSON, | ) ) ) | No. 16 CR 10178 |
| Defendant-Appellant. | ) ) ) ) ) | Honorable Carl B. Boyd, Judge Presiding. |

JUSTICE REYES delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, James Gibson, was convicted in a bench trial of two counts of attempted first degree murder and one count of aggravated battery and sentenced to 29 years' imprisonment. On appeal, defendant requests we reverse his conviction and remand for a new trial, contending that his due process rights were violated when the trial court allowed him to be shackled during his bench trial. For the following reasons, we affirm.

¶ 2                                          BACKGROUND

¶ 3      Defendant was charged by indictment with multiple counts of attempted first degree

murder and one count of aggravated battery based on the allegation that on May 21, 2016,

defendant personally discharged a firearm and caused injury to Cameron Brock (Brock). The

State proceeded to trial on three counts of attempted first degree murder (720 ILCS 5/8-4(a), 9-

1(a)(1) (West 2016)) and one count of aggravated battery (720 ILCS 5/12-3.05(e)(1) (West

2016)).

¶ 4      Due to the limited issue on appeal, we only discuss those facts relevant to our disposition.

The State's evidence at trial established that on May 21, 2016, Brock was standing in front of a

friend's house when a vehicle drove by. Brock observed Darryl Kazee (Kazee) driving the

vehicle with defendant sitting in the backseat holding a rifle. Brock then heard about 10 to 15

gunshots and was struck in the leg and arm. At the hospital, Brock reported to the police that

defendant shot him. The State rested, and defendant called Kazee to the stand. Kazee testified

that he shot Brock and not defendant. The defense rested, and the parties agreed to continue the

trial for closing arguments.

¶ 5      On the final day of the five-day bench trial, and before closing arguments, the trial court

became aware that defendant was in shackles and observed the following: "I wanted to spread of

record that his presence before the Court in shackles is not due to any influence or order of this

Court. I believe the Sheriff had some issues downstairs with prisoners from Division 9 ***." The

trial court continued, "I'm well aware that Mr. Gibson was not involved in the altercation in

Division 9. Unfortunately this courtroom staff does not have the key to release him from the

shackles that bind his hands. Is that correct ***?" Defense counsel responded, "It is. I spoke to

Mr. Gibson and he wishes to go forward with possibly finishing the case today. Even though he

is shackled with his hands before him, we're asking to move forward." The record does not indicate that defendant spoke during this exchange between the trial court and defense counsel. Further, the record does not indicate that defendant's shackles were removed during the final day of trial.

¶ 6     Following closing arguments, the trial court found defendant guilty of two counts of attempted first degree murder and one count of aggravated battery with a firearm. The trial court acquitted defendant on the other attempted first degree murder count. Defendant filed a motion for a new trial, which was denied.

¶ 7     At sentencing, the trial court heard evidence in aggravation and mitigation. After hearing the evidence, the trial court merged an attempted first degree murder count and aggravated battery count with the other attempted first degree murder count. The trial court sentenced defendant to 29 years' imprisonment. This appeal follows.

¶ 8                              ANALYSIS

¶ 9     On appeal, defendant argues that his due process rights were violated when the trial court allowed him to be shackled during the trial despite acknowledging that the shackles were unnecessary. Defendant acknowledges that he failed to raise this issue before the trial court and in a posttrial motion, but requests this court review his claim for plain error.

¶ 10    In response, the State concedes that allowing defendant to be shackled was an error but contends that defendant invited the error and because defendant invited the error, the plain-error doctrine does not apply.  For the reasons that follow, we agree with the State.

¶ 11                 General Law Regarding the Use of Shackles

¶ 12    We commence our analysis with a discussion of the general law surrounding the use of shackles on a defendant during a trial.  Our case law is clear that defendants should not be

shackled during trial except when there is a manifest need for the restraints. *People v. Reese*, 2017 IL 120011, ¶ 46 (citing *People v. Allen*, 222 Ill. 2d 340, 347 (2006)); Ill. S. Ct. R. 430 (eff. July 1, 2010). Allowing a defendant to be shackled during trial prejudices the jury against the defendant, restricts the defendant's ability to assist counsel during trial, and offends the dignity of the judicial process. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 67. The fact that a jury may be prejudiced is not the only reason why shackles should be avoided; defendants should stand trial "with the appearance, dignity, and self-respect of a free and innocent man." *Id.* ¶ 68 (citing *In re Staley*, 67 Ill. 2d 33, 37 (1977)). Therefore, the shackling of defendants should be avoided in jury trials as well as bench trials. *Staley*, 67 Ill. 2d at 37-38.

¶ 13     As soon as the trial judge becomes aware that a defendant appears before the court in shackles, the judge "shall conduct a separate hearing on the record to investigate the need for such restraints." Ill. S. Ct. R. 430 (eff. July 1, 2010). At this hearing, the trial court "shall consider and shall make specific findings" as to ten enumerated factors. *Id.* Under Rule 430, a defendant must not be placed in restraints unless there is a manifest need to protect the security of the court, the proceedings, or to prevent escape. *Id.* The trial judge may only impose the use of restraints when the need for restraints outweighs the defendant's right to be free from them. *Id.* Whether there is a manifest need to restrain a defendant is within the trial court's discretion. *In re Benny*, 2017 IL 120133, ¶ 29 (citing *Allen*, 222 Ill. 2d at 348).

¶ 14                                    The Plain-Error Doctrine

¶ 15     On appeal, the parties agree that error was committed when defendant remained shackled during the last day of the bench trial. We too acknowledge that allowing defendant to remain shackled under these circumstances implicated his due process rights. See *id.* ¶ 29. Defendant, however, failed to raise this issue before the trial court or in a posttrial motion and thus forfeited

the argument. He now requests we review it for plain error.

¶ 16　　The failure to object to alleged error at trial and raise the issue in a posttrial motion ordinarily results in the forfeiture of the issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 186-87 (1988). Under the plain-error doctrine, a reviewing court may consider a forfeited error affecting substantial rights in two circumstances. First, where the evidence in a case is so closely balanced that the jury's guilty verdict may have resulted from the error and not the evidence, a reviewing court may consider a forfeited error in order to preclude an argument that an innocent person was wrongly convicted. *People v. Herron*, 215 Ill. 2d 167, 178 (2005). Second, where the error is so serious that the defendant was denied a substantial right, and thus a fair trial, a reviewing court *may* consider a forfeited error in order to preserve the integrity of the judicial process. *Id.* at 179. However, the plain-error doctrine does not apply in cases that involve invited error. *People v. Schoonover*, 2019 IL App (4th) 160882, ¶ 15. As discussed below, defendant invited the error in this case.　Accordingly, we decline to review defendant's claim under the plain-error doctrine.

¶ 17　　　　　　　　　　　　The Invited-Error Doctrine

¶ 18　　Under the invited-error doctrine, a defendant may not ask to proceed in one way and then on appeal contend it was error to proceed that way. *People v. Spencer*, 2014 IL App (1st) 130020, ¶ 26 (quoting *People v. Carter*, 208 Ill. 2d 309, 319 (2003)). To allow a defendant to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend notions of fair play and encourage defendants to become duplicitous. *People v. Harding*, 2012 IL App (2d) 101011, ¶ 17. It would also deprive the State of the opportunity to cure the alleged defect. *People v. Bush*, 214 Ill. 2d 318, 332 (2005).

¶ 19　　As acknowledged in Rule 430, the circumstances surrounding the shackling of a defendant are considered on a "case-by-case basis." Ill. S. Ct. R. 430 (eff. July 1, 2010). Here,

the circumstances under which defendant became shackled are certainly unique. As noted by the trial court, defendant was placed in shackles because "the Sheriff had some issues downstairs with prisoners from Division 9." The trial court further observed that, while defendant was not involved in the Division 9 altercation, there was no key available to release defendant from his hand shackles. Then, before the trial court could conduct a full hearing on the issue, defense counsel informed the court that defendant wished to move forward with the bench trial despite being shackled and the parties proceeded to closing arguments. The record thus demonstrates that defendant invited the error because he requested, through counsel, that the bench trial proceed despite the fact he was shackled and now, on appeal, he argues the trial should not have proceeded. See *Harding*, 2012 IL App (2d) 101011, ¶¶ 20-21; *People v. Woods*, 373 Ill. App. 3d 171, 175 (2007); see also *Spencer*, 2014 IL App (1st) 130020, ¶ 26.

¶ 20    In reaching this conclusion, we find *Woods* and *Harding* to be instructive. In *Woods*, the defendant argued on appeal that the trial court violated his due process rights when it allowed him to be tried while in leg shackles. *Woods*, 373 Ill. App. 3d at 175. The reviewing court found that the defendant invited this error because during the proceeding defense counsel suggested that it would be safe to remove his handcuffs since his legs would still be shackled. *Id.* The reviewing court reasoned that since the defendant's request to remove his handcuffs depended on his leg shackles remaining in place, he could not now challenge the fact that his legs were shackled. *Id.*

¶ 21    In *Harding*, the defendant argued on appeal that the trial court violated his due process rights when it allowed him to be tried with one shackle on his hand. *Harding*, 2012 IL App (2d) 101011, ¶ 15. During the proceeding, defense counsel requested that defendant's handcuffs be removed so that defendant could "participate meaningfully in the trial," and the trial court

allowed only one of defendant's hands to be freed. *Id.* ¶ 4. The reviewing court asserted that defense counsel had made a limited request, one that asked the trial court to remove enough restraints so that defendant could meaningfully participate during trial, and found that defendant invited the error since "counsel made a limited request, that request was granted without further objection, and defendant cannot now contend that it was error for the court to grant that request without going further." *Id.* ¶¶ 20-21.

¶ 22    While *Woods* and *Harding* support our position that defendant invited the error here, we observe that it was the trial judge who raised the issue that defendant was shackled. Moreover, in both *Woods* and *Harding*, defense counsel did not expressly state that the shackles remain on the defendants. That is, defense counsel in *Woods* did not expressly state that the defendant's leg shackles may remain on the defendant, and defense counsel in *Harding* did not expressly state that the defendant's other handcuff may remain on the defendant. See *Woods*, 373 Ill. App. 3d at 175; *Harding*, 2012 IL App (2d) 101011, ¶ 21. Yet, this case presents an even more compelling reason to apply the invited error doctrine since defense counsel did expressly state that the shackles remain on defendant, specifically stating, "even though [defendant] is shackled with his hands before him, we're asking to move forward."

¶ 23    Defendant, however, argues that the right to be tried without shackles can be waived only by him, not defense counsel, citing *People v. Brocksmith*, 162 Ill. 2d 224 (1994). But *Brocksmith* does not expressly address the issue at bar. In *Brocksmith*, the reviewing court noted there are four decisions that are for the defendant to make: whether to appeal, whether to plead guilty or not guilty, whether to waive a jury trial, and whether to testify on his own behalf. *Id.* at 227 (citing *People v. Ramey*, 152 Ill. 2d 41 (1992)). The *Brocksmith* court then found that whether to tender a jury instruction for a lesser included offense was a fifth decision for the defendant,

reasoning that this decision was analogous to the decision of pleading guilty to a lesser included offense because both decisions "directly relate to the potential loss of liberty on an initially uncharged offense." *Id.* at 116. That is, both decisions directly relate to defendants' constitutional right to know the "nature and cause" of the criminal accusations made against them. See *id.* at 116; *People v. Kolton*, 219 Ill. 2d 353, 359 (2006); *People v. DiLorenzo*, 169 Ill. 2d 318, 321 (1996) (citing U.S. Const., amend. VI and Ill. Const. 1970, art. I, § 8).

¶ 24 Applying *Brocksmith*, defendant takes a logical leap and argues that the decision to be tried in shackles is analogous to the decision to plead guilty to a lesser included offense because both decisions "implicate[] the presumption of innocence." We decline to adopt defendant's argument. First, the Illinois Supreme Court has recognized that apart from the five decisions noted above, trial counsel has the right to make the ultimate decision with respect to matters of tactics and strategy after consulting the client. *People v. Clendenin*, 238 Ill. 2d 302, 320 (2010) (citing *People v. Phillips*, 217 Ill. 2d 270, 288 (2005)). Second, defendant fails to cite any authority or present a compelling legal argument that the right at issue here is directly related to his constitutional right to know the "nature and cause" of the criminal accusations against him. See *Brocksmith*, 162 Ill. 2d at 227; *DiLorenzo*, 169 Ill. 2d at 321 (citing U.S. Const., amend. VI and Ill. Const. 1970, art. I, § 8). Defendant asserts that the wearing of shackles during trial "implicates the presumption of innocence," but the presumption of innocence, although a basic component of a fair trial, is not articulated in the Constitution. *People v. Moore*, 402 Ill. App. 3d 143, 147 (2010). In addition, this court has found, by way of example, that counsel may waive the defendant's right to be present during *voir dire*, a right that also implicates the presumption of innocence. See *People v. Wilson*, 257 Ill. App. 3d 670, 679 (1993).

¶ 25 Defendant also argues that there was no valid waiver since the trial court did not

determine whether he knowingly and voluntarily waived his right to be tried without shackles. Citing no case law on point, he compares the right not to be shackled with the right to plead guilty or not guilty, again arguing that they both implicate the presumption of innocence. He further notes that under Illinois Supreme Court Rule 402(a), (b) (eff. July 1, 2012), trial courts may not accept guilty pleas without addressing defendants personally and determining whether their pleas are knowing and voluntary.

¶ 26    Defendant essentially argues that waiving the right to be tried without shackles is *per se* involuntary and unknowing unless the trial court gives an admonishment like those contained within Rule 402. We decline to adopt such a rule. Our case law is clear that specific admonishments can only be required by statute or supreme court rule. *People v. Alfonso*, 2016 IL App (2d) 130568, ¶ 33 (citing *People v. McCaslin*, 2014 IL App (2d) 130571, ¶ 18). Here, the right to be tried without shackles is governed only by Rule 430, and this rule does not require trial courts to deliver any admonishments to defendants. See Ill. S. Ct. R. 430 (eff. July 1, 2010). Also, the cases that Rule 430 codifies, *Boose* and *Allen*, do not discuss any such admonishment. See *People v. Boose*, 66 Ill. 2d 261, 265-67 (1977); *Allen*, 222 Ill. 2d at 347-49.

¶ 27    In sum, defendant invited the error when counsel instructed the trial court to proceed with the bench trial despite the fact defendant was in shackles and defendant presents no persuasive argument that defense counsel was without the authority to so advise the trial court. Accordingly, we affirm the judgment of the circuit court.

¶ 28                                  CONCLUSION

¶ 29    For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

¶ 30    Affirmed.

---

**No. 1-19-0137**

---

| | |
|---|---|
| **Cite as:** | *People v. Gibson*, 2021 IL App (1st) 190137 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16 CR 10178; the Hon. Carl B. Boyd, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, State Appellate Defender; Patricia Mysza, Deputy Defender; Douglas Hoff, Deputy Defender; Anna C. Carlozzi, Assistant Appellate Defender, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, County of Cook; (Alan J. Spellberg, Assistant State's Attorney; Lesley D. Gool, Assistant State's Attorney; of counsel), for appellee. |

---