2024 IL App (2d) 24-0098-U
Nos. 2-24-0098, 2-24-0099, 2-24-0100, & 2-24-0101 Consolidated for Decision Only
Order filed May 10, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | No. 24-CF-0119, 23-CF-2366 |
| v. | ) ) | No. 24-CF-0111, 23-CF-2391 |
| RAFAEL RUIZ, | ) ) | Honorable Clint Hull, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen, and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's counsel, by requesting to continue the case for the presence of defendant, procedurally defaulted the claim that the 72-hour requirement in which the hearing to revoke must be held was not met. On the basis of invited error, we affirm.

¶ 2    The only issue on appeal here is whether or not the trial court erred in not holding the hearing on the petition to revoke within the statutorily required 72-hour time frame. The consolidated appeals relate to the multiple cases that were connected because of their relationship with the petition to revoke. No. 2-24-0098 relates to 24-CF-0111; No.2-24- 0099 relates to 24-CF-2366; No. 2-24-0100 relates to 23-CF-2391; No. 2-24-0101 relates to 24-CF-0119.

¶ 3                                    I. BACKGROUND

¶ 4      These related cases began on November 4, 2023, when defendant appeared in court for case 23-CF-2366 on charges of possession of a stolen motor vehicle and possession of a controlled substance. He was granted pretrial release with conditions, including not to commit any criminal offenses. Three days later, on November 7, defendant appeared in court again on case 23-CF-2391 for charges of possession of cannabis. He was again released with conditions, including not committing any criminal offenses.

¶ 5      On January 18, 2024, defendant appeared in case 24-CF-0111, the instant appeal, for charges of felony burglary. He signed a pretrial-release order with the same conditions. On January 19, defendant was charged with a Class 3 felony of burglary and a Class 4 felony of unauthorized possession of another's credit card in case number 24-CF-0119. He was again granted pretrial release. On January 22, defendant was also charged with a Class 2 felony of aggravated battery of a police officer and a Class A misdemeanor of resisting or obstructing a police officer in case 24-CF-0134; he was released pretrial.

¶ 6      On January 24, 2024, the State filed a petition to revoke pretrial release in the four related cases, including this one but excepting 24-CF-0134. The notice of motion scheduled the hearing for January 26 at 9:00 a.m. Defendant did not appear on January 26, although defense counsel was present. The circuit clerk issued summons to appear on February 2, 2024, at 9:00 a.m.. The hearing was held on February 2, 2024, and a judgment was entered revoking defendant's release. Defendant claims the hearing came too late.

¶ 7                                    II. ANALYSIS

¶ 8      The gist of defendant's claim in these four consolidated appeals is that the 72-hour time limit was violated by setting the return date on the February 2, 9 days subsequent to the filing of

the petition to revoke. See 725 ILCS 5/110-6(a)(West 2024) (requiring circuit courts to hold hearings on petitions to revoke pretrial release "within 72 hours of the filing of the State's petition or the court's motion for revocation"). Defendant admits that the error was not preserved but maintains that plain error should apply.

¶ 9    We have reviewed the report of proceedings for January 26, and the following short quote establishes that not only was no error preserved, but no error was committed that we should entertain. Defense counsel stated, "I did try to call Mr. Ruiz and I left him a voicemail and I have not heard back. At this point, I think he has court coming up in the next week or two for his regular-scheduled court date. *I ask to hold this over until then.*" (Emphasis added.) The judge continued the hearing for 7 days instead of 14 days, when defendant was otherwise scheduled to return.

 ¶ 10   The State counters that defendant's claim of error is forfeited, but it does not cite to a case involving the implications of *invited error* upon *plain error.* The fact that defense counsel requested the continuance invited whatever error is now being claimed as plain error:

> "[P]lain error review is forfeited when the defendant invites the error. '[A] defendant's invitation or agreement to the procedure later challenged on appeal "goes beyond mere waiver." ' [Citations.] * * * That is, under the doctrine of *invited error*, a defendant may not request to proceed in one manner and later contend on appeal that the course of action was in error. * * * Where the defendant invited the error, our Supreme Court has declined to address any related plain error claim. See, *e.g.*, *People v. Patrick*, 233 Ill. 2d 62, 76 (2009)." (Emphasis added.) *People v. Harding,* 2012 IL App (2d) 101011, ¶ 17.

¶ 11    We hold the continuance requested by counsel invited any error, and therefore defendant forfeited the review of this issue under plain error. We accordingly affirm the judgment of the trial court.

¶ 12                              III. CONCLUSION

¶ 13    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 14    Affirmed.